UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

INSTITUTE FOR CHILD & FAMILY
HEALTH, a Florida corporation, f/k/a
CHILDREN'S PSYCHIATRIC CENTER,
and BLAIR HAMEL,

CASE NO.: 1:16-cv-20658-JAL

    Plaintiffs,

vs.

SCOTTSDALE INSURANCE COMPANY,
an Ohio Corporation,

    Defendant.

_____/

## SCOTTSDALE INSURANCE COMPANY'S MOTION FOR ENLARGEMENT OF TIME FOR EXPERT DISCLOSURE, FACT DISCOVERY AND EXPERT DISCOVERY

Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), by and through its undersigned counsel, hereby respectfully moves this Honorable Court for a limited amendment of the Scheduling Order (Rec. Doc. 27) to provide a twenty-one (21) day enlargement of time for the Parties to furnish their expert witness lists and expert reports/summaries, to complete fact discovery and to complete expert discovery. Pursuant to Local Rule 7.1(a)(3), Scottsdale avers that it made a reasonable effort to confer with Plaintiffs' counsel on September 20, 2016, September 26, 2016 and September 27, 2016, and that Plaintiffs' counsel advised that Plaintiffs still have not authorized a consent or objection to Scottsdale's requests in this Motion. In light of the impending deadlines, Scottsdale avers that it would suffer prejudice by further delaying this Motion. In support of this Motion, Scottsdale represents:

PD.20153406.1

I.

This lawsuit arises out a purely legal issue, that is, whether Scottsdale was obligated under the terms of an insurance policy to defend Plaintiffs against an underlying state court suit.

II.

The Parties filed Cross Motions for Summary Judgment on this insurance coverage issue in May 2016, although the Court has not yet ruled on those motions.

III.

Plaintiffs claim monetary damages for reimbursement of their attorney's fees incurred in their defense against the underlying suit and in prosecuting Scottsdale in the matter *sub judice*.

IV.

If the Court were to find that Plaintiffs were entitled to a defense under the insurance policy (which Scottsdale denies), Florida law would only permit Plaintiffs to recover attorney's fees "reasonably incurred" in their defense against the underlying suit.

V.

Plaintiffs, as the parties seeking attorney's fees, are obligated to produce "adequate billing records" to establish that the billed attorney's work was reasonable. Thus, Plaintiffs must provide "specific and detailed evidence to establish that the time for which compensation is sought was reasonably expended on the litigation." *Maiden Specialty Ins. Co. v. Three Chefs & a Chicken, Inc.*, No. 12-22724-CIV, 2014 WL 11429052, at *9 (S.D. Fla. Jan. 28, 2014*); Henns v. Mony Life Ins. Co. of Am.*, No. 5:11-CV-55-OC-37TBS, 2012 WL 1599871, at *5 (M.D. Fla. Apr. 13, 2012). In particular, the fee applicant must provide evidence of attorney's fees "with sufficient particularity so that the court can assess the time claimed for each activity." *Henns*, 2012 WL 1599871, at *7.

VI.

In late August 2016, Plaintiffs advised counsel for Scottsdale that Plaintiffs' counsel had charged approximately $106,000 in fees for defending Plaintiffs against the underlying suit and approximately $152,000 in fees for prosecuting the matter *sub judice*.

VII.

On August 30, 2016, Scottsdale requested that Plaintiffs' counsel provide Scottsdale with "billing statements that identify the costs and time billed (including tasks for each time entry) for your work" because "your claim includes attorneys fees (and since it would be great to resolve everything at mediation)." *See*, Exhibit 1.

VIII.

On August 31, 2016, Scottsdale served Plaintiffs with Requests for Production of Documents which requested, *inter alia*, their attorney's invoices to establish Plaintiffs' claims for attorney's fees.

IX.

On September 2, 2016, Plaintiff counsel responded: "We have reviewed your requests. We do not believe that the detailed billing is relevant given the law that requires the insurer to pay for the insured's costs in the event it breaches the contract in a duty to defend situation." Exhibit 2.

X.

The Parties attended the court-mandated mediation on September 8, 2016 without Scottsdale having had an opportunity to see evidence of Plaintiffs' claim for attorney's fees. The matter did not settle at mediation.

XI.

After mediation, Plaintiff counsel advised Scottsdale that Plaintiffs would produce their billing invoices on or before October 5, 2016 (two days <u>after</u> the current October 3, 2016 deadline for expert reports).

X.

Under Florida law, Scottsdale is entitled to review Plaintiff counsel's "adequate billing records" to determine whether the billed attorney's work was reasonable

XI.

Scottsdale intends to employ an expert to evaluate and opine on the reasonableness of Plaintiff counsel's billing; however, an expert cannot opine on Plaintiff counsel's billing until Plaintiff counsel produces their billing statements.

XII.

Scottsdale believes that a twenty-one (21) day enlargement of time for the currently scheduled expert disclosure deadline, fact discovery deadline and expert discovery deadline will provide adequate time for the Parties to resolve their discovery dispute and for their respective expert witnesses to review Plaintiff counsel's billing statements and provide an opinion in accordance with Fed. R. Civ. Proc. 26(a)(2).

XIII.

Scottsdale avers that the requested enlargement of time will not impede the March 20, 2017 trial date or any of the other deadlines set forth in the Court's Scheduling Order (Rec. Doc. 27)

XIV.

In accordance with the foregoing, Scottsdale respectfully moves the Court to enlarge the following deadlines:

| Matter | Current Deadline | Proposed Enlarged Deadline |
| --- | --- | --- |
| Expert Disclosure | October 3, 2016 | October 24, 2016 |
| Fact Discovery | October 17, 2016 | November 7, 2016 |
| Expert Discovery | November 7, 2016 | November 28, 2016 |

XV.

This motion is not being made for purposes of delay and no party will be prejudiced by the brief enlargement of time as requested.

**WHEREFORE**, Scottsdale respectfully prays that the Court grant the Parties a twenty-one (21) day enlargement of time for Expert Disclosure, Fact Discovery and Expert Discovery.

Dated this 27th day of September, 2016.

RESPECTFULLY SUBMITTED,

*s/ Patricia A. McLean*
**Patricia A. McLean, Esq.**
Florida Bar No. 129143
patricia.mclean@phelps.com
**Phelps Dunbar LLP**
100 South Ashley Drive • Suite 1900
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Facsimile: (813) 472-7570

**Doug Kleeman, Esq.** (Admitted *Pro Hac Vice*)
LA. Bar No. 31221
douglas.kleeman@phelps.com
**Phelps Dunbar LLP**
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

*Trial Counsel for Defendant
Scottsdale Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2016, that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send an electronic copy to all CM/ECF participants on the service list below.

*s/ Patricia A. McLean*
Patricia A. McLean

**SERVICE LIST**

Joseph I. Zumpano, Esq.
jzumpano@zpwlaw.com
Leon N. Patricios, Esq.
lpatricios@zpwlaw.com
Bryan R. Cleveland, Esq.
bcleveland@zpwlaw.com
Zumpano Patricios & Winker, P.A.
312 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 444-5565
Facsimile: (305) 444-8588
*Trial Counsel for Plaintiffs, Institute for Child & Family Health f/k/a Children's Psychiatric Center and Blair Hamel*

- 6 -

PD.20153406.1